**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:15-CV-00136-M |
| ADVANCED STIMULATION TECHNOLOGIES, INC.; BILLY WILLIAMS; ENDEAVOR ENERGY RESOURCES, L.P.; and CYNTHIA MONTOYA, | § § § § § § § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are (1) a Motion to Dismiss under Federal Rule of Civil Procedure 12 filed by Defendants Advanced Stimulation Technologies, Inc. and Endeavor Energy Resources, L.P. [Docket Entry #11]; (2) a Motion to Dismiss under Federal Rule of Civil Procedure 12, and in the alternative, Motion to Transfer filed by Defendant Billy Williams [Docket Entry #16]; and (3) a Motion to Dismiss or Abstain under Federal Rule of Civil Procedure 12 filed by Defendant Cynthia Montoya [Docket Entry #21].  For the reasons stated below, the Motions are **GRANTED**.

**I.     FACTUAL BACKGROUND**

This is an insurance coverage dispute arising out of a car accident that occurred on January 15, 2012 in Odessa, Texas.  On the date of the accident, Billy Williams, an employee of Advanced Stimulation Technologies, Inc. ("AST"), was driving a truck owned by AST when he

struck a car driven by Cynthia Montoya.  AST is owned by Autry C. Stephens.  Stephens also owns a related, or "sister," entity, Endeavor Energy Resources, L.P. ("Endeavor").  Prior to the accident, Ironshore Specialty Insurance Company ("Ironshore") had issued a commercial umbrella insurance policy to Endeavor.  Montoya later filed a personal injury lawsuit against Williams, AST, Endeavor, and Stephens in the 70th Judicial District Court of Ector County, Texas.  A jury awarded Montoya damages in the amount of $3,615,908.00.

On January 15, 2015, Ironshore brought this action in federal court seeking declaratory relief that it had no liability to AST or Williams for the damages awarded in Montoya's personal injury lawsuit.  In its First Amended Complaint, filed on March 2, 2015, Ironshore added a claim against Endeavor and AST for negligent handling of the defense in Montoya's personal injury lawsuit.  On March 27, 2015, after accepting service of Ironshore's complaint in this action, Endeavor and AST filed suit against Ironshore and McGriff Seibels & Williams of Texas, Inc, Endeavor's insurance broker, in Harris County, Texas, seeking declaratory relief that Ironshore is liable for the judgment Montoya obtained against Williams and AST.

Defendants have now filed separate motions to dismiss this federal action.  By their motions, Defendants argue that the Court should decline to exercise its discretionary jurisdiction to hear Ironshore's declaratory judgment claims under the *Brillhart* abstention doctrine.  Defendants further argue that the Court should dismiss this action under Fed. R. Civ. P. 12(b)(2) and (b)(3) because this Court lacks jurisdiction over them for venue purposes and the Northern District of Texas is an improper venue.  AST and Endeavor also contend that Ironshore's allegations of negligent claims handling against them should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In the alternative, Defendants seek to transfer the case to the Western District of Texas, Midland Division, pursuant

to 28 U.S.C. § 1406(a).  Ironshore opposes Defendants' motions.  The issues have been fully

briefed, and this matter is ripe for determination.

## II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

AST and Endeavor argue that Count III of Ironshore's Complaint for negligent claims

handling should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon

which relief can be granted.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The "[f]actual allegations must be enough to raise a

right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

On its face, Ironshore's claim that the defense in Montoya's suit was negligently handled

is a negligence action by Ironshore, as an insurer, against Endeavor and AST, its insureds, for

"breach[ing] their duty to Ironshore" by not "exercis[ing] ordinary care in discharging their

duties and obligations under the [insurance policy] with regard to defense of the underlying

lawsuit."  Doc. No. 4 ¶¶ 57-64.  Specifically, Ironshore contends that Endeavor and AST

breached their duty to retain separate counsel for Williams, despite an obvious conflict of interest

and failed to supervise defense counsel or the defense.  *See id.*  Ironshore also contends that

Endeavor and AST missed key pretrial deadlines and failed to conduct adequate fact or expert

discovery.  *See id.*

In *American Centennial v. Canal*, the Texas Supreme Court considered "whether an

excess insurance carrier has a cause of action against a primary carrier and trial counsel for

mishandling a claim."  843 S.W.2d 480, 481 (Tex. 1992).  While the Court recognized an excess

3

insurer's equitable subrogation claim against a primary insurer, it declined to recognize a direct cause of action by an excess insurer against a primary insurer. *Id*. at 483.  A bankruptcy court in this district similarly declined to recognize such a direct claim under Texas law. *Admiral Ins. Co., Inc. v. Arrowood Indem. Co.*, 471 B.R. 687, 713 (N.D. Tex. 2012).  This reasoning would similarly preclude a direct claim by an insurer against an insured if, as in this case, the insured allegedly is responsible for defending the underlying claim.

Ironshore's negligent handling claim treats Endeavor and AST like the primary insurers in *American Centennial*, because they controlled the defense in Montoya's personal injury lawsuit, and it asserts a direct action against them for their alleged "fail[ure] to exercise ordinary care in discharging their duties and obligations under the [insurance policy] with regard to defense [against Montoya's lawsuit]."  Doc. No. 4 ¶ 63.  Since a direct claim by an excess insurer against a primary carrier is not recognized under Texas law, the alleged insurer should similarly not have a negligent handling claim against those in charge of the defense in Montoya's lawsuit.

Thus, the Court must analyze whether Ironshore has "plead[ed] facts sufficient to show that [its] claim has substantive plausibility," even if its legal theory was not perfectly pled. *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014).  The legal theory in which this claim sounds is equitable subrogation.  Under Texas law, an equitable subrogee "stands in the shoes of" the insured and "obtain[s] only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured." *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007).  However, if Endeavor and AST are found to have been insured by Ironshore, then they are not third parties and Ironshore cannot assert rights against them and does not "stand in the[ir] shoes."  On the other hand, if Endeavor and AST are

found not to have been insureds of Ironshore, then Ironshore cannot stand in their shoes to obtain rights against them.  Thus, the facts pleaded by Ironshore are insufficient, as a matter of law, to show that an equitable subrogation claim has substantive plausibility.

### III.   ABSTENTION FROM EXERCISING DISCRETIONARY JURISDICTION

#### A.  Legal Standard

Defendants all contend that this Court should decline to exercise its discretionary jurisdiction over Ironshore's remaining claims for declaratory judgment.  Under 28 U.S.C. § 2201(a), a district court of the United States "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Supreme Court held in *Brillhart v. Excess Insurance Co. of America* that the Declaratory Judgement Act vested federal district courts with substantial discretion to decide or dismiss declaratory judgment claims, and that a federal court was "under no compulsion to exercise that jurisdiction" if the controversy might be, or might have been, settled more expeditiously in state court.  316 U.S. 491, 494 (1942); *see also Batie v. Subway Real Estate Corp.*, 2008 WL 413627, at *5 (N.D. Tex. Feb. 15, 2008) (Lynn, J.); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

The Fifth Circuit has adopted a seven-factor test to determine when it is appropriate to dismiss a case under *Brillhart*.  *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994); see also *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001). The seven *Trejo* factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, [6)] whether retaining the lawsuit in federal court would serve the

purposes of judicial economy, [and 7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91.  "Careful balancing of each of these factors is required before a district court may dismiss a declaratory judgment claim."  *Batie*, 2008 WL 413627 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

### B.  Application

### 1.  Pending State Court Action

The first *Trejo* factor requires the Court to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation."  *Brillhart*, 316 U.S. at 495.  The Fifth Circuit has stated that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003).  "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute…."  *Id.* at 394 n. 5.

Endeavor and AST commenced litigation against Ironshore in Harris County, Texas, also including Williams and Montoya as parties.  Doc. 13 (AST App. Ex. 1-F at 263-277).  That case seeks declarations that Ironshore must indemnify AST and Williams for claims relating to Montoya's personal injury suit, thus litigating the coverage issues asserted here.  *Id.* at 276.  The issues that Ironshore seeks to have this Court declare are not governed by federal law, and properly can be adjudicated by the state court.  *See, e.g., Sherwin–Williams*, 343 F.3d at 390–91

("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

Ironshore also argues that Texas's "first-filed" rule prevents the state court in Harris County from serving as an adequate alternate forum, but that argument is without merit. The Texas "first-filed" rule states that when a lawsuit is proper in more than one jurisdiction, the second-filed lawsuit should be stayed or abated in favor of the first-filed action. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). However, the rule is applicable "when suit would be proper in more than one county," and thus by its very terms is limited to competing state court cases filed in state courts in different Texas counties. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 2008).

While Ironshore correctly notes that the First Amended Complaint added a cause of action against AST and Endeavor for negligent handling of the underlying defense, and that the Harris County coverage suit does not contain such a claim, Ironshore misapplies the first *Trejo* factor in concluding that the state court is thus not an adequate alternate forum. The first *Trejo* factor considers "whether there is a pending state action in which all of the matters in controversy *may* be fully litigated." *Trejo*, 39 F.3d at 590 (emphasis added); *see also Sherwin-Williams*, 343 F.3d at 390. The claims that Ironshore has brought in this Court could be fully litigated in the state court action, because Ironshore is a party to that action and could file a timely counterclaim for negligent handling of the defense. TEX. R. CIV. P. 97 (b). Resultantly, the first *Trejo* factor weighs in favor of dismissal.

### 2. Anticipation of Litigation, Forum Shopping, and Possible Inequities

The second, third, and fourth *Trejo* factors "require this Court to assess whether

[Ironshore] improperly is using the declaratory judgment process to unfairly gain access to federal court." *AIX Specialty Ins. Co. v. W. States Asset Mgmt., Inc.*, 2013 WL 4603775, at *3 (N.D. Tex. Aug. 29, 2013) (quoting *Sherwin-Williams*, 343 F.3d at 391).  Simply filing a declaratory judgment action in a federal court that has jurisdiction to hear it does not necessarily constitute "abusive 'forum shopping.'" *Sherwin-Williams*, 343 F.3d at 391.  However, a declaratory judgment suit by an insurance company "can be 'reactive' and therefore an improper attempt to preempt a state court proceeding, even if filed before the state court action, when 'the insurer may anticipate that its insured intends to file a non-removable state court action, and rush[es] to file a federal action before the insured does so.'" *AIX Specialty*, 2013 WL 4603775, at *4 (quoting *Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372-73 (9th Cir. 1991), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)).

The Court concludes that Ironshore filed this action in anticipation that a non-removable state court action would be filed by Defendants.  Ironshore was fully aware of the real possibility that such would occur, and the Court thus finds that Ironshore's anticipatory declaratory judgment action constitutes improper forum shopping.  Therefore, the Court finds that the *Trejo* fairness factors, 2, 3, and 4, militate against it exercising its discretionary jurisdiction over these claims.

### 3. Convenient Forum

While the accident that is the basis of the underlying personal injury lawsuit occurred in the Western District of Texas, Ironshore negotiated and issued the subject policy through its surplus lines agent in the Northern District of Texas.  See Ex. E, App. 148.  AST and Endeavor have their principal places of business in Harris County, which is in the Southern District of Texas.  Ex. C, App. 079-080.  Thus, it appears that no one district is more convenient than the

other.  The Court concludes that the fifth *Trejo* factor, convenience, is neutral as to whether the Court should exercise its discretionary jurisdiction in this case.

### 4. Judicial Economy

The sixth *Trejo* factor concerns whether retaining the lawsuit in this Court would serve the purposes of judicial economy.  Ironshore's claims do not involve issues of federal law, and the issues involved "will be best adjudicated by the state court, where all the parties are present and duplicative and piecemeal litigation can be avoided."  *AIX Specialty*, at *5.  If the Court were to exercise its discretionary jurisdiction in this case, it would run "the risk of inconsistent rulings and compel[] an unnecessary duplication of judicial resources."  As Judge Fitzwater of this Court explained in *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 734 (N.D. Tex. 2009), "[i]t is a waste of judicial resources to litigate a federal declaratory judgment action involving only issues of state law that are already being litigated in the [state court]."  Taking this into consideration in conjunction with the fact that this case is at an equal stage, the Court finds that this factor weighs in favor of dismissal.

### 5. State Judicial Decree

The seventh *Trejo* factor requires the Court to take into consideration concerns of federalism and comity.  *Sherwin-Williams*, 343 F.3d at 392.  The parties are not asking the Court to construe a state judicial decree, and so this factor is neutral.  *See, e.g., Beaufort Dedicated No. 5 Ltd. v. USA Daily Exp., Inc.*, 2012 WL 6608869, at *10; *Smith v. McLean*, 2011 WL 2792387, at *8 (S.D. Tex. July 14, 2011).

Nevertheless, the first, second, third, fourth, and sixth *Trejo* factors weigh so heavily in favor of abstention that the Court concludes it should not exercise jurisdiction over Ironshore's declaratory judgment claims.

IV.      CONCLUSION

For these reasons, Count III of Ironshore's First Amended Complaint fails to state a claim upon which relief can be granted.  Additionally, the Court declines to exercise its discretionary jurisdiction over Ironshore's claims for declaratory judgment, which are Counts I, II, and IV of Ironshore's First Amended Complaint.  Accordingly, Defendants' separate Motions to Dismiss [Docket Entry #11, #16, and #21] are **GRANTED**, and this case is **DISMISSED** without prejudice.  *See Trent v. Nat'l City Bank of Indiana*, 145 F. App'x 896, 899 (5th Cir. 2005) (finding no abuse of discretion in the district court's decision to dismiss declaratory judgment action in favor of pending state-court action).

**SO ORDERED**.

August 10, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS